UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13–2648 DSF (CWx) | Date | 6/18/13 |
|---|---|---|---|
| Title | Maria D. Kling v. Bank of America, National Association, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss (Docket No. 5)

The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7–15.

## I.   INTRODUCTION

Plaintiff Maria D. Kling brings claims for declaratory relief, negligence, quasi-contract, violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1641 *et seq.*, violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, violation of California Business and Professions Code § 17200 (UCL), accounting, and violations of the statute of frauds.  Defendants Bank of America, N.A., as successor in interest to Countrywide Bank, N.A. and Wells Fargo Bank, as Trustee for Harborview Mortgage Loan Trust 2007–1 Mortgage Pass-Through Certificates, Series 2007–1, move to dismiss the Complaint.[1]

On December 19, 2006, Kling executed a Deed of Trust securing a $186,400

---

[1] Kling's opposition is 27 pages.  This violates the Court's Standing Order, which specifies that oppositions may not exceed 25 pages.  Kling's opposition also lacks a table of contents and table of authorities as required for a memorandum of points and authorities of more than 10 pages under Local Rule 11–8.  Kling's counsel is cautioned that further violations of the Local Rules and the Court's Standing Order may result in sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

mortgage on property located at 9280 Glendale Ave., Hesperia, California 92345 (Property).  (Compl. ¶ 28 & Ex. 3 (Deed of Trust)).[2]  The Deed of Trust identifies the Lender as Countrywide Bank, N.A., the Trustee as Fidelity National Title Insurance Corporation, and the nominee and beneficiary as Mortgage Electronic Registration Systems, Inc. (MERS).[3]  (Deed of Trust 2.)

Kling alleges that the Deed of Trust was never validly assigned to a party other than the original Lender because a document purportedly transferring the Deed of Trust was executed by a signatory, "T. Sevillano," who did not have the legal authority to effect the transfer.[4]  (Compl. ¶¶ 87–89, 96.)  Kling further alleges a Substitution of Trustee purporting to substitute Recontrust Company, N.A. (ReconTrust) as trustee for MERS was invalid because "T. Sevillano," the signatory on the Substitution of Trustee document, "lack[ed] authority" to execute the Substitution of Trustee.  (Compl. ¶¶ 100, 107–09.)  Kling does not allege that the Property has been sold.

Kling has also sent Bank of America several Qualified Written Request (QWR) letters.  (Compl. ¶ 129.)  She includes Bank of America's numerous responses as an attachment to her Complaint.  (Id. Ex. 5.)

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted).  But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[2] The Court denies Defendants' request for judicial notice.  Taking Kling's factual allegations as true, the documents for which Defendants request judicial notice are not relevant to resolving Kling's claims.  In any event, any disputed factual matters in the documents are best addressed on summary judgment.

[3] In their motion, Defendants claim that the Deed of Trust lists "Stearns Lending, Inc. as the lender [and] First American Title Insurance Company as the trustee."  (Defs.' Mot. to Dismiss 3.)  This is simply not what the Deed of Trust says.

[4] Kling alleges that the signatory, "T. Sevillano," lacked proper legal authority to effect a transfer on behalf of the trustee, MERS, (Compl. ¶ 89), because "T. Sevillano . . . is or was also a full time employee for Reconstrust Company," (id. ¶ 88), and because T. Sevillano was never properly appointed by MERS and therefore lacked the legal authority to execute a Corporation Assignment Deed of Trust on behalf of MERS, (id. ¶ 96).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original) (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 1950 (alteration in original) (citation and internal quotation marks omitted).

### III.   DISCUSSION

At the outset, the Court notes that Kling cannot rely on her alleged violations of the Pooling and Servicing Agreement (PSA) of the Harborview Mortgage Loan Trust 2007–1 Mortgage Pass-Through Certificates, Series 2007–1, because she does not plead facts showing that she has the right to enforce any provision in the PSA and does not allege or attach specific contractual provisions to support her legal conclusions.[5] Kling is a non-party to the PSA and may not assert invalidity arising out of that agreement. See Gilmore v. Am. Mortg. Network, No. CV 12–7935–CAS (Ex), 2012 WL 6193843, at *5 (C.D. Cal. Dec. 10, 2012) ("To the extent that plaintiff argues that defendants violated the [PSA] governing the [Trust Certificates], he also fails to state a claim. Plaintiff's

---

[5] Kling pleads only legal conclusions in support of her theory that she has standing to enforce portions of the PSA. (See Compl. ¶¶ 62–65.) Kling has failed to plead facts sufficient to establish that she has standing to enforce any part of the PSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

argument has been considered and rejected many times before.")

However, Kling has done enough to survive Defendants' motion to dismiss as to some claims. Kling alleges that the Substitution of Trustee and Corporation Assignment of Deed of Trust were invalid because the MERS signatory, T. Sevillano, lacked sufficient authority to sign and execute the documents on MERS's behalf and that T. Sevillano was never properly appointed with sufficient corporate authority to take action on behalf of MERS. Taken as true, these allegations permit the reasonable inference that Bank of America did not hold the beneficial interest in the Deed of Trust. See Newman v. Bank of New York Mellon, No. 1:12–CV–1629 AWI GSA, 2013 WL 1499490, at *4 (E.D. Cal. Apr. 11, 2013) (citation omitted) ("Given the MERS system's signing and agency practices, the Court now concludes that, for an allegation of employment status to withstand dismissal, it must be coupled with at least an allegation that the signatory does not actually have authority to sign on behalf of MERS").

### A. Declaratory Relief

A litigant seeking relief under the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201(a), must show there is a real and substantial controversy remediable by specific relief. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937); see also Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) ("[T]he question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). A DJA claim "brings to the present a litigable controversy, which otherwise might only be tried in the future." Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981). The DJA "merely offers an additional remedy to litigants." Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 21 (2d Cir. 1997). As Kling has stated a claim with respect to at least some of her non-DJA claims, she may be entitled to relief under the DJA. Defendants' motion is DENIED as to this claim.

### B. Negligence

Kling's negligence claim fails because she has not alleged facts sufficient to show that Bank of America and Wells Fargo owed her a duty. The elements of a cause of action for negligence are (1) duty, (2) breach of duty, (3) causation, and (4) damages. Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Kling has failed to allege that Bank of America, as loan servicer, was engaged in an endeavor whose purpose was to defend Kling's, rather than Bank of America's, interest such that a duty of care would arise. See id. at 1099; see also Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 436 (2010) ("A commercial lender pursues its own economic interests in lending money"). Her claim against Bank of America is dismissed without prejudice. Kling has also failed to plead facts sufficient to establish that Wells Fargo owes her a duty. Her claim against Wells Fargo is dismissed without prejudice.

    C.    **Quasi-Contract**[6]

Kling fails to allege that Wells Fargo has collected a payment from her as a result of a claim that it owned the Note or Deed of Trust or that it was acting as a loan servicer. Her quasi contract claim against Wells Fargo is dismissed without prejudice. Kling's counsel is cautioned that any amended pleading that brings a claim against a party without pleading *any* facts in support of that claim or that fails to differentiate between parties may result in sanctions under Federal Rule of Civil Procedure 11.

As to Bank of America, Kling has stated a quasi-contract claim. "The right to restitution or quasi-contractual recovery is based upon unjust enrichment." First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1670 (1992). "The elements of an unjust enrichment claim are the receipt of the benefit and [the] unjust retention of the benefit at the expense of another." Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008) (citation and quotation marks omitted). Kling has adequately pleaded that Bank of America, as a result of the allegedly invalid assignment of the Deed of Trust and Note, did not have the right to demand and collect mortgage payments. Kling has also adequately pleaded that no contract exists between herself and Bank of America. A claim for quasi-contract is therefore proper.

Defendants argue that Kling's quasi-contract or unjust enrichment claim is barred by the statute of limitations. "An unjust enrichment or quasi-contract action in the form of a common count to recover money or other benefit obtained by mistake is governed by the three-year statute of limitations for actions based on fraud or mistake." F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 348 (2008) (citations omitted).[7] From Kling's

---

[6] In their motion, Defendants cite Harrison v. Sky Chefs, Inc., 953 F.2d 1387, 1992 WL 16793 (9th Cir. Feb. 3, 1992), an unpublished case. This violates Ninth Circuit Rule 36–3(b) as the opinion was issued before January 1, 2007. Any further violation of Rule 36–3(b) will result in sanctions.

[7] In its motion to dismiss, Bank of America asserts that a four-year statute of limitations applies to Kling's quasi-contract claim. (Bank of America Mot. 5.) As discussed above, even under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Complaint, it is unclear exactly when she began making payments to Bank of America and it is unclear which payments she believes were inappropriately accepted by Bank of America. However, it is clear that she would be able to maintain an unjust enrichment cause of action under California law for any payments made to Bank of America after April 16, 2010, three years before she filed the Complaint and before the allegedly ineffective assignment occurred. Kling has done enough to give Bank of America fair notice of her claim. In any event, Bank of America's statute of limitations argument is best addressed in a motion for summary judgment.

Defendants' motion as to this claim is DENIED with respect to Bank of America.[8]

### D. RESPA

Kling's RESPA claim against Wells Fargo is dismissed without prejudice as she fails to plead any facts with respect to Wells Fargo in that claim. (See Compl. ¶¶ 170–76.)

As to Bank of America, Kling has also failed to adequately plead a RESPA claim. In order to successfully maintain a RESPA claim, Kling must adequately plead that she sustained "actual pecuniary damages." See Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Although [RESPA] does not explicitly set this out as a pleading standard, a number of courts have read [it] as requiring a showing of pecuniary damages in order to state a claim.") "Courts have liberally interpreted this requirement." Fazio, 2012 WL 2119253, at *4 (citation omitted). These "actual pecuniary damages" must, by the plain terms of § 2605(f)(1)(A), be a "result of the failure," *i.e.* must be caused by Bank of America's violation of RESPA. See Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (finding that in order to state a valid RESPA claim, alleged pecuniary damages must be "a direct result of the failure to comply"); Givant v. Vitek Real Estate Indus. Grp., Inc., No. 2:11–cv–03158–MCE–JFM, 2012 WL 5838934, at *4 (E.D. Cal. Nov. 15, 2012) ("The allegations of a RESPA QWR claim [also] must show that the RESPA violation proximately caused Plaintiff's damages.") (citations and quotation marks omitted).

Kling fails to specify what Bank of America was required to but failed to include in its responses to her QWRs. Kling alleges that Bank of America "responded by

---

the shorter applicable statute, Kling's claim is sufficiently pleaded.

[8] The Court notes Kling does not allege that any entity other than Bank of America is attempting to collect mortgage payments from her. That no other entity is attempting to collect payment casts doubt on her claims, particularly as she does not appear to be making any mortgage payments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

providing a partial account history . . . [Bank of America's] responses did not properly address Plaintiff's request and did not comply with the requirements of § 2605, *et seq*." (Compl. ¶ 173.)  She  pleads very generally that she suffered "actual pecuniary damages" including "the over calculation and overpayment of interest on Plaintiff's loan" but she fails to indicate how or why interest was improperly paid *as a result of* Bank of America's response to her QWRs.  Further, it is entirely unclear what costs, if any, Kling incurred to "repair[]" her credit.  Her general conclusory statements are not enough.  See Iqbal, 556 U.S. at 678.  Kling's RESPA claim against Bank of America is dismissed without prejudice.

   E.   TILA

Kling pleads no facts as to Wells Fargo.  Kling's TILA claim is dismissed without prejudice as to Wells Fargo.

Kling alleges that Bank of America violated TILA when it failed to disclose the true owner of the Promissory Note in response to a direct request in violation of 15 U.S.C. § 1641(f)(2).  However, by its plain terms, TILA does not apply to loan servicers. 15 U.S.C. § 1641(f) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation").  If, as Kling alleges, Bank of America does not own the Deed of Trust, then its only role here could be as a mortgage servicer and its only obligation under TILA is to "[u]pon written request . . . provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation . . . ."  15 U.S.C. § 1641(f)(2).  Kling includes several letters from Bank of America in her Complaint that clearly show that Bank of America informed her that the owner of the loan was "Fannie Mae" or "Federal National Mortgage Corporation," located at 13150 World Gate Dr., Herndon, VA 20170 and that it was servicing the loan on behalf of the owner. (Compl. Ex 5.)  Kling fails to state a TILA claim with respect to Bank of America because she has failed to plead facts sufficient to show that Bank of America failed to provide the name, address, and telephone number of the owner of the obligation "to the best [of its] knowledge."  The TILA claim against Bank of America is dismissed without prejudice.

   F.   FDCPA

Kling alleges no facts as to Wells Fargo's conduct in her FDCPA claim.  Her FDCPA claim is therefore dismissed without prejudice with respect to Wells Fargo.

To state a claim under the FDCPA against Bank of America, Kling must first properly allege that Bank of America is a "debt collector" within the meaning of the

**MEMORANDUM**

FDCPA. De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1073 (9th Cir. 2011) ("Under the statutory scheme, liability under the Act requires that the defendant be a 'debt collector'"). Kling alleges that Bank of America acts "as purported mortgage servicer," (Compl. ¶¶ 79, 178), and sent a QWR to Bank of America because it was acting "as purported mortgage servicer," (id. ¶¶ 172–73). A mortgage servicer is not a "debt collector" under the FDCPA. See Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt"); see also De Dios, 641 F.3d at 1075 n.3 (noting that the FDCPA's legislative history indicates that "debt collector does not include those 'mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing'" (quoting S. Rep. No. 95–382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698; Fed. Trade Comm'n, Staff Commentary on the Fair Debt Collection Practices Act § 803, 53 Fed. Reg. 50097, 50103 (Dec. 13, 1988)).

  Even if Kling did not allege that Bank of America was acting as a mortgage servicer, she still fails to establish that it is a "debt collector" within the meaning of the FDCPA because she does not allege that the mortgage debt was in default at the time Bank of America claims it acquired the debt. Under the FDCPA, the term "debt collector . . . does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Kling alleges that Bank of America is "attempting to collect . . . debt . . . due another" and does not allege that the loan was in default at the time it was obtained by Bank of America.[9] She has therefore failed to allege that Bank of America is a "debt collector" within the meaning of the FDCPA. See De Dios, 641 F.3d at 1074 (explaining that § 1692a(6)(F) of the FDCPA "also excludes 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person'"). Kling's FDCPA claim against Bank of America is dismissed without prejudice.

---

[9] While it is not entirely clear, if Exhibit D, the Corporation Assignment of Deed of Trust is invalid as Kling alleges, Countrywide or its successor would appear to hold the original promissory note and debt pursuant to the Deed of Trust as the original Lender under the Deed of Trust. (See Ex. A.) Kling has not alleged that the debt was in default while it was in Countrywide's possession. In any event, Kling has simply not alleged that the debt was ever in default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

### G. California UCL

Kling makes no allegations as to Wells Fargo. It appears her UCL claim involves conduct by Bank of America only. Her UCL claim is dismissed without prejudice as to Wells Fargo.

"To have standing under the UCL, a plaintiff must have suffered 'injury in fact' and have 'lost money or property' as a result of an unfair business practice." Kwikset Corp. v. Super. Ct., 51 Cal. 4th 310, 338 (2011) (quoting Cal. Bus. & Prof. Code § 17204). Kling has sufficiently pleaded that she has "suffered injury in fact and has lost money" as she alleges that Bank of America "demand[ed] and accept[ed] payments for debts that were non-existent." (Compl. ¶ 194(d).)

The UCL's "statutory language referring to 'any unlawful, unfair *or* fraudulent' practice . . . makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). While Kling's remaining quasi-contract claim is not based on any statute or regulation, accepting as true her allegations, she has sufficiently alleged unfair conduct by Bank of America to state a UCL claim. As a California Court of Appeal explained in a situation involving a dispute between a business and a consumer, the test of unfairness to be applied involves "a weighing of the competing interests of the impact of the practice or act on its alleged victim against the reasons, justifications and motives of the alleged wrongdoer." Pastoria v. Nationwide Ins., 112 Cal. App. 4th 1490, 1498 (2003) (citation and internal quotation marks omitted). While taking Kling's allegations as true, the Court recognizes that Bank of America has not had an opportunity to state its reasons, justifications, or motives for accepting or demanding payments on a mortgage for which it allegedly did not hold the Deed of Trust or Note, and, as such, cannot say at this time that Bank of America's motives, reasons, or justifications outweigh Kling's interest here. Bank of America's motion is DENIED as to this claim. See id. (finding in the context of a demurrer that where defendants "have not had an opportunity to state their reasons, justifications, or motives" for the allegedly unfair practice, the court could not say that "defendants' motives, reasons, or justifications" outweighed plaintiffs' interest).

Bank of America claims that Kling's UCL claim is barred by the statute of limitations. "Any action on any UCL cause of action is subject to the four-year period of limitations created by that section." Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 179 (2000). As all of Kling's other claims have been dismissed, her UCL claim relies on the acts alleged in her quasi-contract claim. For the same reasons her quasi-contract claim is not necessarily barred by the statute of limitations, her UCL claim is also not barred by the statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

### H. Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009) (citation omitted); see also Wolf v. Wells Fargo Bank, N.A., No. C11–01337 WHA, 2011 WL 4831208, at *10 (N.D. Cal. Oct. 12, 2011) (citing Brea v. McGlashan, 3 Cal. App. 2d 454, 460 (1934)) (denying a motion to dismiss as to an accounting claim where the plaintiff sought "an accurate accounting of the amount she owes the true owners of the loan, including the payments that Plaintiff already made" and where the plaintiff otherwise stated an actionable claim for, among other things, violation of California's UCL law). Kling alleges that Defendants owe her money "in excess of the [mortgage] obligation" because "any amount allegedly owed under the *Note* is subject to equitable offset by the actual, consequential, special, and punitive damages owed to Plaintiff from Defendants, which amount is currently unknown." (Compl. ¶ 98.) Kling alleges that "[t]he amount of money due . . . cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions." (Id. ¶ 206.) She further alleges that Bank of America "responded [to her QWRs] by providing a partial account history." (Id. ¶ 173.)

Kling has done enough to indicate that she does not have a complete account history and therefore requires an accounting to ascertain any balance due. "The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." Teselle, 173 Cal. App. 4th at 179–80 (citation omitted). As Kling has stated a quasi-contract claim, she may be entitled to any money paid in error to Defendants. "An accounting is a species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due." Id. at 180 (citation and internal quotation marks omitted). Kling has done enough to state a claim for accounting under California law. Any factual dispute as to whether Kling's outstanding balance can be ascertained without an accounting is best addressed on summary judgment.

### I. Statute of Frauds

The statute of frauds, California Civil Code § 1624, is not an independent claim. It is an affirmative defense that deals with the unenforceability of a contract. See Ladd v. Warner Bros. Entm't, Inc., 184 Cal. App. 4th 1298, 1309 n.8 (2010). As the statute of frauds is not an actionable claim, this claim is dismissed with prejudice.

### IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The motion to dismiss is GRANTED IN PART and DENIED IN PART. An amended complaint must be filed and served no later than July 10, 2013. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion. Defendants' response will be due August 1, 2013.

IT IS SO ORDERED.