UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13–2648 DSF (CWx) | Date | 9/4/13 |
|---|---|---|---|
| Title | Maria D. Kling v. Bank of America, National Association, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    (In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss (Docket No. 27)

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7–15. The hearing set for September 9, 2013 is removed from the Court's calendar.

## I.   INTRODUCTION

Defendants Bank of America, N.A., as successor in interest to Countrywide Bank, N.A. and Wells Fargo Bank, as Trustee for Harborview Mortgage Loan Trust 2007–1 Mortgage Pass-Through Certificates, Series 2007–1, move to dismiss the First Amended Complaint (FAC). The FAC brings claims for declaratory relief as to both Defendants, negligence as to both Defendants, quasi-contract as to Bank of America, violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, as to Bank of America, violation of California Business and Professions Code § 17200 (UCL) as to both Defendants, and accounting as to Bank of America.[1]

---

[1] Kling's FAC is untimely. The Court's June 18, 2013 order granting in part and denying in part Defendants' motion to dismiss the Complaint specified that Kling had to file and serve an amended complaint no later than July 10, 2013. (Docket No. 13 at 11.) Kling filed the FAC on July 23, 2013. (Docket No. 26.) Despite Kling's tardy filing of the FAC, the Court will decide this motion on the merits and will not dismiss the FAC without leave to amend based on the untimely filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

On June 18, 2013, the Court granted in part and denied in part Defendants' motion to dismiss Kling's Complaint. (Docket No. 13.) The Court denied Defendants' motion with respect to Kling's claims for declaratory relief as to both Defendants, quasi-contract as to Bank of America, claims under California's UCL as to Bank of America, and accounting as to both Defendants. The Court dismissed all of Kling's other claims without prejudice with the exception of the statute of frauds claim, which was dismissed with prejudice.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original) (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 1950 (alteration in original) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

## III. DISCUSSION

### A. Declaratory Relief

Kling alleges that Bank of America and Wells Fargo did not properly acquire title to the Property because the note and mortgage were transferred to the HarborView Mortgage Loan Trust 2007–1 after the Trust's closing date of March 9, 2007, resulting in an improper and ineffective transfer. (FAC ¶¶ 22, 54, 59–63.) Kling has standing to challenge this allegedly defective assignment of title because the assignment would be void under New York law, if, as Kling alleges, the assignment was made after the Trust's closing date. See Glaski v. Bank of America, Nat'l Ass'n, 218 Cal. App. 4th 1079, 2013 WL 4037310 at *9–11 (2013) (explaining that a plaintiff who was neither party to nor the intended third-party beneficiary of a mortgage-backed securities trust may challenge an assignment to the trust that occurred after the closing date established by the trust's pooling and servicing agreement).

Kling has adequately alleged a real and substantial controversy remediable by specific relief with respect to the real property at issue. She has therefore stated a claim under the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201(a). See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937); see also Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) ("[T]he question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). Defendants' motion is DENIED as to this claim.[2]

### B. Negligence

Kling again fails to state a negligence claim. The only substantive factual negligence allegation in the FAC is the same as the substantive factual allegation she

---

[2] Under Glaski, Kling is not required to allege tender. While Glaski involved a property that was actually sold at a trustee's sale, 218 Cal. App. 4th 1079, 2013 WL 4037310, at *4, its holding that "[t]ender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property," 218 Cal. App. 4th 1079, 2013 WL 4037310, at *13, strongly suggests that tender should not be required in Kling's situation. As explained above, under California law, Kling has adequately alleged that Defendants have improperly initiated foreclosure proceedings against the Property because of the allegedly invalid transfer of the note and mortgage into the Trust. In light of Glaski, the Court cannot conclude that tender is required under the facts alleged by Kling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

made in the original Complaint. (FAC ¶ 138; Compl. ¶ 160.) As the Court previously held, this is not enough to demonstrate that Bank of America or Wells Fargo owed Kling a duty. (See Docket No. 13 at 4–5.) Kling's FAC adds several new conclusory allegations claiming that Defendants owed her a duty. (FAC ¶¶ 138–40, 142.) Kling has failed to allege facts — rather than legal conclusions couched as factual allegations — from which the Court could plausibly conclude that Defendants owed her a duty. As Kling has had two opportunities to state a negligence claim and still fails to do so, her negligence claim is dismissed with prejudice as to both defendants.

### C. Quasi-Contract

For the reasons stated in the Court's previous order, Kling has done enough to state a quasi-contract claim as to Bank of America. (See Docket No. 13 at 1–2, 5–6.) Defendants' motion is DENIED as to this claim.

### D. FDCPA

As discussed at length in the Court's previous order, to state a claim against Bank of America under the FDCPA, Kling must adequately allege that Bank of America is a "debt collector" within the meaning of the FDCPA. (Docket No. 13 at 7–9.)

In the FAC, Kling again alleges that Bank of America was "acting as Plaintiff's mortgage servicer." (FAC ¶ 153.) As the Court concluded in the previous order, a mortgage servicer is not a "debt collector" within the meaning of the FDCPA. (Docket No. 13 at 8.) Kling's new conclusory allegation that Bank of America is a debt collector within the meaning of the FDCPA merely because it "has attempted to collect Plaintiff's debt obligation," (FAC ¶ 150), does not mean that it is a debt collector for the purposes of the FDCPA.[3] To the contrary, mortgage servicers, consumer creditors, and those who collect or attempt to collect debts owed another that were not in default at the time they were obtained, are not "debt collectors" within the meaning of the FDCPA. See Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); see also De Dios, 641 F.3d at 1074 & 1075 n.3 (citing 15 U.S.C. § 1992a(6)(F)).

As Kling has had two opportunities to state an FDCPA claim and still fails to do so, her FDCPA claim is dismissed with prejudice.

### E. UCL

---

[3] Kling's opposition cites no case law to support her legal theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Kling has stated a UCL claim against Bank of America for the reasons stated in the Court's previous order, (Docket No. 13 at 9–10), and, as noted above, because she has sufficiently alleged a quasi-contract claim. Kling's UCL claim in the FAC is exactly the same as her UCL claim in the Complaint. (FAC ¶¶ 165–78; Compl. ¶¶ 186–202.) She makes no specific allegations against Wells Fargo.[4] Kling has not met the relevant pleading standard under Rule 8(a) as to Wells Fargo.

As Kling has had two opportunities to state a UCL claim against Wells Fargo and still fails to do so, her UCL claim is dismissed with prejudice as to Wells Fargo.

### F. Accounting

For the reasons provided in the Court's previous order, Kling has stated a claim against Bank of America for an accounting. (Docket No. 13 at 10.) Defendant's motion is DENIED as to this claim.

## IV. CONCLUSION

At the conclusion of their motion, Defendants request the expungement of any lis pendens recorded against the property. (Defs.' Mot. 22.) This request is DENIED without prejudice. The requests for judicial notice are denied as the documents are not relevant to this motion. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

---

[4] Kling's opposition refers generally to "Defendants" and makes specific arguments only as to Bank of America individually, not as to Wells Fargo. (See Pl.'s Opp'n 31–33.)